Ms. Kunstler, you have reserved two minutes for rebuttal, so that gives you eight to start. Yes. Thank you, and it's almost afternoon, so I have no pleasure in wishing you good afternoon, Your Honors. I'm Sarah Kunstler, and I represent Mr. Cooper, the defendant appellant in this case. Mr. Cooper's base sentencing guidelines in this case were increased because of a finding that he committed the instant offense after two prior felony convictions for crimes of violence. In this case, we challenged that a violation of New York Penal Law 120.05 subsection 7 does not qualify as a categorical crime of violence because it lacks the required violent force as defined by the Supreme Court in Johnson v. the United States. In Johnson, the Supreme Court defined physical force as violent force, that is, force capable of causing physical pain or injury. Right, so they say causing physical pain or injury, and here you do have causation of injury, so the question is whether it needs to be a serious injury. I mean, didn't the Supreme Court clear up any confusion on this point in Stoekeling where it says that it was adopting Justice Scalia's position there that any kind of force that's capable of creating an injury is a use of violent force? It gives the example of hair pulling, right? I don't know if that would lead to a serious injury. Well, I think there are some subtle arguments here, Your Honor, if you'll bear with me. First, I do not think that Stoekeling does that. Stoekeling is essentially limited to the context of robbery offenses, which is made clear by the Court's rationale that robbery must necessarily overpower a victim's will and therefore necessarily involves a physical confrontation and a struggle, and it's this physical context that's capable of causing such injury. In Castleman... Even that, right? I mean, even that would be if somebody is snatching a purse and the victim doesn't want to let it go, but you apply enough force to grab it from the person, that would count, right? Well, I think... It doesn't seem like it would cause a serious injury, but it could cause an injury. But robbery has another element, which is an overbearing of a person's will that's at issue in that case that's not present here. And if you look at what Justice Sotomayor says to the majority in Castleman, that is that words are to be given their well-settled meanings. And here, this is about a violent felony, and that's why in Johnson the Court says physical force is violent force. And in this case, my client's crime is only a felony under New York law because it occurred in a correctional facility. This type of crime is normally a misdemeanor. Your Honors, in the government's brief, they cite a New York court of appeals case, people v. Chittick, for the proposition that petty slaps, shoves, kicks and the like fall outside of New York's definition of physical injury. But that is not the holding of Chittick. When Chittick discusses petty slaps, that's about motive, not about force. And I wanted to direct your Honors to the fact that the injury in Chittick was actually quite minor. The court held there that there was sufficient evidence that the defendant caused substantial injury when he bit a victim on the finger, causing his fingernail to crack, causing moderate pain and a bandage. So under New York law, physical injury simpliciter is impairment of a physical condition or substantial pain. And here, what Chittick says is that substantial pain is more than slight or trivial pain. Pain need not, however, be severe or intense in order to be substantial, and it need not last. So that's the New York standard we're dealing with for this type of physical injury. I wanted to give your Honors some hypotheticals, which are elbowing someone's cheek with enough force to cause swelling or throwing wet balls of toilet paper at someone's head, causing a minor eye abrasion. Both of these hypotheticals could cause substantial pain. And in fact, they are not hypotheticals. These are cases under this same provision, 120.057, where physical injury was found. And I submit that that level of physical injury, throwing wet balls of toilet paper at someone's head, causing a minor eye abrasion, is not what the court contemplated in Johnson and is not enough to make my client's crime a violent felony. These are cases that meet the physical injury standard under New York state law, but do not meet this Johnson standard of violent force. All right, so I know that you think that – so in Stoekeling, right, the Supreme Court says that in Johnson, the court had no need to decide more generally whether under Johnson conduct – or sorry. In Castleman, the court had no need to decide more generally whether under Johnson conduct would lead to relatively minor forms of injury such as a cut, abrasion, or a bruise necessitates the use of violent force. Justice Scalia's separate opinion addressed that question. He included that force as small as hitting, slapping, shoving, grabbing, pinching, biting, and hair-pulling satisfied Johnson's definition. He reasoned that none of these actions present any real resemblance to mere offensive touching and all of them are capable of causing physical pain or injury. This understanding of physical force is consistent with our holding today that force is capable of causing physical injury within the meaning of Johnson when it is sufficient to overcome a victim's resistance. Such force satisfies ACCA's elements clause. So if I think that the court has adopted the Justice Scalia position, do you think that the force required by this New York statute is still below even what Justice Scalia considered to be violent force? Well, I would say that Stoeckling is not an adoption of Justice Scalia's concurrence in Castleman, that Stoeckling mentions that understanding of force, but it doesn't adopt it. You know, I understand that – Okay, but I wanted just to put aside whether it adopts it. So let's assume that I think it did adopt it. Does that mean that this statute would qualify as a violent felony? Well, this statute is about intent to commit an injury and commission of an injury. It is clear that the way that's interpreted in New York State is encompassing a lot of crimes that don't involve violent force. It may even be encompassing in New York State a lot of crimes that Scalia was anticipating when he says pinching, hitting, pulling, and the like. So I think we need to focus more concretely on the statute at issue here, the New York State penal law. I mean, I guess the question is what's the daylight between this New York statute and the standard articulated in Stoeckling previously? And it seems that the New York standard requires more than the federal. And if that's the case, then this is not a problem, right? That the New York standard requires more because – Right. New York standard says that petty kicks and slaps don't count. They wouldn't be enough to inflict physical injury. And so it seems that the New York statute requires more than what the guideline requires as basically an offense involving force. When the New York standard says that, it's saying that in terms of establishing intent. It's not saying that in terms of establishing the quantum of force required. Well, it's intent to inflict a quantum of force because it covers attempts. But in practice, New York is applying this based on either the – is applying this based on substantial injury, right? And I think both those elements have to be met. And here, you know – I'm sorry, Your Honors. I'm getting a little off track in my mind. Here, Your Honors, are bound by your holding in Villanueva, which is in a footnote, but is not dicta and is not overruled by Castleman. And it's not overruled – it's certainly not overruled by concurrence in Castleman, but it's not overruled by the Supreme Court's holding in Stokeling, nor has this court held that it is. Well, I mean, it certainly is decided before Stokeling, right? Villanueva. Well, this court has never held that the distinction between serious injury and injury of any kind, injury in its simpliciter, has no material value in weighing what is violent force here. And nor has the Supreme Court. You know, and what Your Honors were deciding in Villanueva, you know, was essentially whether the Connecticut statute qualified as violent felony. And it was clear in that case that that holding was based on the fact that that was both a serious physical injury and the use of a dangerous instrument. And that was a view shared by the majority – the majority decision was shared by Judge Pooler in her dissent, who stated that my colleagues posit the severity of the consequences which demonstrates that the force is sufficiently violent. You know, I – there's nothing about what the court does in Stokeling that overrule – that bears on the level of force here. You know, this court, consistent with Stokeling, in cases where it has held violent force, has always added some other elements, such as robbery is another – is one type of element, but a dangerous instrument. The cases cited by the government tab, for example, about what elevates a crime from mere injury simpliciter to serious injury always require something else. This court has always required something else. There's nothing about Stokeling that isn't a something else. The something else in Stokeling is the fact that it's a robbery overbearing a victim's will. That's not something else. It's a replacement, right? So instead of causing a physical injury, you're saying it would be sufficient to overcome the victim's will. It's not like there was a physical injury plus overcoming the victim's will, right? No, but the logic of Stokeling is that when you overbear someone's will, that necessarily involves the quantum of force required. There is no such element in the crime that my client was convicted of. All right. Well, you've reserved two minutes for rebuttal. We'll now hear from Mr. Davis. Thank you, Your Honor. Thank you. May it please the court. Peter Davis for the United States. I represent the government on this appeal and in the district court proceedings below. The defendant's prior conviction under New York state law is a crime of violence because it has an element of the use of physical force against another person. A defendant is guilty under that subsection when confined in a correctional facility and with the intent to cause physical injury, he causes such injury. And as this court just noted, the question presented today is, what's the daylight between New York state law and the Supreme Court's and this court's interpretation of physical force? And what we would submit is that the New York requirements sit far comfortably above what the Supreme Court and this court have adopted as the definition of physical force. That inquiry starts with the Supreme Court's opinion in Johnson, where Johnson held that physical force means violent force. That means force capable of causing physical pain or injury. And that standard was only taken one step further as this court recognized in Stokely. In Stokely, Justice Thomas, speaking for the court, fully embraced Justice Scalia's concurrence in Castleman. That set an incredibly low bar for the definition of physical force. As the court recognized, some of the categories of types of force that qualified under Johnson after Stokely are hitting, slapping, shoving, grabbing, pinching, and hair-pulling. And now we can take this standard. And hitting someone in the eye with a spitball would fit nicely in that list, I gather. So to direct, it seems like getting hit in the eye with spitballing, I believe the example provided by counsel was resulting in bruising, would certainly qualify under this very low bar in Johnson, which recognized that even pinching would qualify. But as a second matter, of course, there is a methodological point, which is this court is not, when looking at the categorical approach, we don't engage in hypotheticals. We go and look for what actually happened. And what we have in Chittick is the New York Court of Appeals saying that mild conduct that would qualify under Johnson is actually excluded from the statute at issue here. And so that should give this court great comfort that what we're dealing with is a New York law that requires physical force that qualifies under the guidelines. Well, normally what we would have is somebody saying, oh, there's a New York case where somebody did something that they were prosecuted for that falls below the standard of the guidelines or ACCA. And we don't have that here. Your Honor, we didn't read any in the defendant's brief to that end. And so that's what we don't have here for the court. And so the— Well, what about this point? So if we have this earlier precedent, Bill and Nueva, and then we have this later case, Stoeckling, it should take a lot for us to decide that our prior precedent is abrogated. And this passage from Stoeckling just says, this understanding of physical force, referring to the Scalia view, is consistent with our holding today that force is capable of causing physical injury within the meaning of Johnson when it's sufficient to overcome a victim's resistance. So the holding of Stoeckling is force is capable of causing physical injury within the meaning of Johnson when it's sufficient to overcome a victim's resistance. And it just says it doesn't contradict anything that Justice Scalia said. But I don't know if it's a holding. Why is that a holding that abrogates our earlier precedent? So two responses. One, I hear on the question of whether this court should look at Stoeckling as embracing Justice Scalia's concurrence in Castleman. And the second question is what to do about the Bill and Nueva footnotes. So taking those in turn, as to how this court should look at Stoeckling's proportion there, I think Justice Thomas was incredibly clear in pages 85 to 86 that that was a full embrace of the Justice Scalia concurrence. And indeed, the Seventh Circuit holds exactly that in love and says exactly that. As to Bill and Nueva, I would say three responses, Your Honor. The first is that footnote is dicta and this panel is not bound by it and can dig into why in a second. The second is that footnote is just impossible to square with the Supreme Court's subsequent holdings in Stoeckling and this court's en bas opinion in Scott. It can dig into that as well. And then third, this court can take comfort in that the overwhelming majority of courts to look at this exact question agree with points one and two. So drilling down to point one, we have a footnote that is very plain about what it's trying to do. It says we are not overruling a separate panel's opinion, which we cannot do, and here's why. Then it goes and gives two additional reasons why, two independent reasons. One, the statute issue in the initial case was a misdemeanor. That's another reason why. And then second, gives the sentence that's at issue in this case. And so this footnote just by itself is not necessary to the opinion of Bill and Nueva, but then it also is embedded with another layer of dicta there. But then second, it just simply cannot survive the holding in Stoeckling that says we're going to fully embrace Justice Scalia's definition. Well, you're making this holding dicta distinction. I mean, it's also dicta in Stoeckling, right? Because there wasn't these uses of forces that are enumerated in Justice Scalia's concurrence. There was the robbery. Right. So it's certainly true that in Stoeckling was dressing in the robbery context, but the opinion certainly looks at Justice Scalia's concurrence and says that's consistent with the definition of violent force we're applying today. And so the government's view would be that is a full embrace of that concurrence. And then the last point I'd make is we have a number of courts to look at it, including panels of this court, that say Bill and Nueva is not deciding this issue. In SIG against Barr, this court did not decide this issue and expressly said we'll assume without deciding it. In Castillo, this court said we are not going to express any opinion on this issue, and that's just inconsistent with Bill and Nueva being the once and for all opinion of the Second Circuit on this issue. So for those reasons, Your Honor, we think that the New York statute here falls far above the requirements under the guidelines as interpreted by the Supreme Court, and we'd ask that the court affirm. Thank you. OK. Thank you, Mr. Davis. Ms. Kunstler, you have two minutes for rebuttal. Thank you, Your Honors. Briefly, I think if Your Honors look at the footnote in Bill and Nueva in the context of the entire Bill and Nueva decision, you will see that determining that Connecticut offense was violent was essential to the court's holding, which is what makes it not dicta. And when you look at going back to the sweep of the offense of New York Penal Law 120-057, when you look at these cases that I cited, Your Honors, which I wanted to give you the cites for before I leave today, People v. Williams 46 AD 3D 1115 and People v. Travis 273 AD 2D 544, you'll see that the sweep of the New York state law is accompanying crimes that are not violence and do not involve the type of physical force that should be required, that is required, for offense to be considered a violent felony. Here, the standard under New York state has substantial injury as part of what the court is finding. And what the New York state courts looking at substantial injury say is that, sorry, it's not substantial injury, substantial pain. And that substantial pain is a difficult to define standard. It doesn't need to be severe. It doesn't need to be intense. It doesn't need to be lasting. It's essentially a subjective standard that a victim is saying, that hurt me a lot or that hurt me a moderate amount. It's not even required that the injury be severe enough to seek medical attention under New York state law. It just has to have that subjective, however brief, feeling of substance. So I get that. But if, in fact, what the Supreme Court says in Stoeckling is right, that a cut, abrasion, or a bruise is a sufficient injury that means that there was violent force applied, and that hair pulling and pinching would qualify, isn't that consistent with how you just articulated New York law? I think the Supreme Court knows how to make pronouncements of law. And if you read, this decision is consistent with, and you read all of Stoeckling. The Supreme Court knows how to make pronouncements of law. One of the ways it does it is it says, well, in this earlier case, we had no occasion to decide this issue. But Justice Scalia did address it. And we think he's right. I mean, isn't that what they're saying? But the rationale is in the context of a robbery offense. They're not making decisions for cases beyond the context of robbery defenses. That's not the extent of this. But it definitely is, right? Because the robbery offense did not involve a cut, abrasion, or a bruise, or a hair pulling, or pinching, and so on. But it still says that that would meet the standard. No, but in order for it to be violent in a robbery case, it needs to overbear will, which is consistent with Scalia's concurrence, right? So it's using Scalia's concurrence to so hold about robbery, not to hold about other types. So your view is there's a different meaning for physical force, depending on whether it's robbery or other crime? Well, I mean, robbery has certain elements. I understand it does. I'm asking that. I mean, the term is used throughout the guidelines and in other statutes. And we've got a lot of cases that interpret the term. And so it doesn't seem that physical force turns on, that it means one thing for one statute and another for another. But you're taking issue with that, am I right? Well, yeah. Well, we're talking about the quantum of force required to make it violent force. And I am, yes, it's my position that it's different in robbery and it's different when somebody has a deadly weapon. And it's different here, when none of those circumstances apply. I mean, when New York State has serious injury and they have injury simpliciter, one which is never a felony, other than in a situation like a correctional facility. It was reasoning from the features of New York law. But what about this? If you just said that the holding in Stokely was the Supreme Court saying, we think the force required to accomplish a robbery meets the definition because it is basically just a Scalia definition, why doesn't that just mean the Supreme Court has decided, as it's holding, that the Scalia definition is the governing definition? Why should there be a different definition when we have assault cases versus a robbery case? Because what they are saying is that robbery necessarily involves a physical confrontation and struggle. And it is that context that creates the physical force required. That's what they're saying. So I'm taking them at their word. I'm not, you know, it's my position because it's the Supreme Court's position about what creates the level of force required in that case. But I mean, we have said previously, right, that the definition of crime of violence under ACCA is the same as the definition under the guidelines. Haven't we said that? Yes. And so wouldn't that contradict your argument that we should have a different meaning for that term, depending on whether it's a robbery or some other underlying conduct? This seems to be the opposite of the categorical approach. You seem to be suggesting that this phrase means different things for different statutes and we'll have different definitions for crime of violence depending on the particular statute. But we've suggested in Reyes and elsewhere that it means the same thing, whether it's the guidelines or ACCA or different parts of the guidelines. Am I mistaken? Well, even when you're looking at the categorical approach here, the fact that this crime sweeps in Williams and sweeps in Travis shows that it's sweeping in things that don't meet the definition, that don't meet even a standard of physical force. All right. Well, we've gone over. We've got our money. So thank you. Thank you both. We will reserve decision.